IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY MCQUEEN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:21-CV-477-SMD |
| | ) | [WO] |
| JAY JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Pro se Plaintiff Michael McQueen, Jr., filed this 42 U.S.C. § 1983 action on July 16, 2021. On July 20, 2021, the Court entered an Order of Procedure. Doc. 4. The Order directed Defendants to file an Answer and Written Report and also directed Plaintiff that he must immediately inform the Court of any new address and that failure to do so within ten (10) days following any change of address would result in the dismissal of this action. *Id*. The docket reflects that Plaintiff received the July 20, 2021, Order.

On January 24, 2022, Plaintiff's copy of an Order entered January 4, 2022, was returned to the Court marked as undeliverable because Plaintiff is no longer housed at the last service address he provided. *See* Doc. 18. Accordingly, the Court entered an Order on January 26, 2022, requiring that by February 7, 2022, Plaintiff show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 28. The Order specifically advised Plaintiff the administration of this case could not proceed if his whereabouts remained unknown and informed him his failure to comply with its directives would result in a Recommendation this case be dismissed. *Id.* Plaintiff's copy of the

January 26, 2022, was returned to the Court on February 14, 2022, marked as undeliverable.

Because of Plaintiff's failure to comply with the Court's orders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For the foregoing reasons, this case is dismissed without prejudice.

A Final Judgment will be entered separately.

DONE this 14th day of February, 2022.

/s/   Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE